**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0796-22

NESLIHAN CAKIROGLU,

     Complainant-Appellant,

v.

6305 BOULEVARD EAST
ASSOCIATES LP AND JOHN
LEWIS,

     Respondents-Respondents.

_____

        Submitted April 1, 2025 – Decided June 26, 2025

        Before Judges Gooden Brown and Smith.

        On appeal from the New Jersey Division on Civil Rights, Department of Law and Public Safety, Docket No. H2022-000441.

        Neslihan Cakiroglu, appellant pro se.

        William M. Goldberg, attorney for respondents 6305 Boulevard East Associates, LP and John Lewis.

        Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Division on Civil Rights (Donna Arons, Assistant Attorney General, of counsel;

Douglas R. Praschak, Deputy Attorney General, on the brief).

PER CURIAM

Pro se appellant Neslihan Cakiroglu appeals from a final administrative decision by the Division on Civil Rights (DCR) finding no probable cause to substantiate her discrimination allegations against her landlord, 6305 Boulevard East Associates.[1]  Complainant alleged her landlord discriminated against her by failing to provide timely support for her Emergency Rental Assistance Program (ERAP) application during the COVID-19 pandemic.  We affirm for the reasons which follow.

## I.

We glean the facts and procedural history from the record before the DCR. Neslihan Cakiroglu (complainant) had been a tenant at her landlord's forty-six-unit rent-controlled apartment building in West New York since 2008.  During the COVID-19 pandemic, her business closed, and her sole source of income disappeared.  As a result, she was unable to pay her rent.

---

[1]  The record shows co-defendant John Lewis was an officer of co-defendant 6305 Boulevard East Associates, LP.  For ease of reference, we use the term landlord to refer to both defendants.

On September 29, 2021, complainant applied to the Hudson County Housing Department's (HCHD) ERAP to obtain rental assistance. Complainant filed a second application for rental assistance with the Hudson County Eviction Prevention Program (HCEPP), which found complainant eligible for rental assistance on November 18, 2021.

The record shows the landlord submitted at least one of the records needed to complete the application—the landlord certification—on November 19, 2021. This certification covered complainant's request for rental assistance for seven months: July 2021 through January 2022. On March 28, 2022, the landlord submitted a second certification to supplement complainant's amended rental assistance application for the months of February to May 2022. The landlord submitted additional information to HCHD and completed its portion of complainant's rental assistance application on June 27, 2022. The landlord sought complainant's eviction throughout her ERAP application process.

Complainant's rental assistance application was approved on June 29, 2022, two days after the landlord completed its section of complainant's application. The landlord ultimately received $19,971 in past due rent.

Complainant filed a complaint with the Division on Civil Rights (DCR), alleging the landlord discriminated against her based on her source of lawful

A-0796-22

income for her rent payments in violation of the New Jersey Law Against Discrimination.[2] The landlord answered, and the DCR investigated. On September 29, 2022, the DCR issued a finding of no probable cause. Reviewing the record, which included emails, ERAP applications, and supporting documents, the DCR found there was not "sufficient evidence to support a reasonable suspicion that [landlord] discriminated against [complainant] based on source of lawful income . . . ." Complainant moved for reconsideration before the DCR and simultaneously filed an appeal. We remanded so DCR could hear the reconsideration motion. On reconsideration, DCR permitted complainant to supplement the record. It then issued a second finding of no probable cause on April 6, 2023.

The DCR found, the "[landlord] offered sufficient evidence of attempts to obtain documents to complete the applications and obtain ERAP resulting in the final approval and payment of ERAP." Finding no probable cause, the DCR dismissed the complaint.

Complainant appealed.

---

[2] N.J.S.A. 10:5-1 to -50.

II.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). But our review is not "perfunctory[,]" nor is "our function . . . merely [to] rubberstamp an agency decision[.]" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010). Instead, "our function is 'to engage in a careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)) (internal quotation marks omitted).

In determining whether an agency's action is arbitrary, capricious, or unreasonable, we consider in part "whether the record contains substantial evidence to support the findings on which the agency based its action." Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n., 234 N.J. 150, 157 (2018) (quoting Stallworth, 208 N.J. at 194). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

A-0796-22

III.

Complainant argues that the DCR was arbitrary and capricious when it found no probable cause to proceed against the landlord. Complainant contends the DCR erred when it failed to: account for certain facts in the record which would have led to a finding of discrimination; find landlord's alleged dilatory conduct per se discrimination; and find landlord's actions seeking complainant's eviction during the pendency of her ERAP application per se discrimination. We are unconvinced.

DCR's finding of no probable cause was supported by sufficient credible evidence in the record. That evidence included but was not limited to: the landlord's compliance with various HCHD document requests; its submission of the two landlord certifications; and its ultimate submission of a completed landlord section of the rental assistance application in June 2023. During reconsideration, the DCR reviewed the supplemented record, which included emails from Hudson County employees and complainant's written statement dated February 27, 2023, as well as evidence of the landlord's initial unwillingness to support complainant's application, and evidence of its dilatory efforts to support complainant's application.

Although we affirm the DCR's final administrative decision, we do not condone the actions of the landlord. The landlord made a persistent effort to evict complainant for failure to make rental payments during the peak of the global COVID-19 pandemic. The landlord's aggressive pursuit of complainant's eviction stands in sharp contrast with its agonizingly slow and disjointed effort to assist complainant with her rental assistance application. There is no dispute that the landlord's delay in completing its portion of complainant's application was the proximate cause of the delay in her rental assistance approval. The landlord's well-documented conduct during this fraught period in our state's history is concerning. We understand why complainant argues so strenuously for a different set of inferences to be drawn by the factfinder. However, our standard of review constrains us and yields a different result.

Here, we defer to the agency's findings. The DCR final decision that complainant had not shown probable cause to proceed was not arbitrary, capricious, or unreasonable, and it was supported by sufficient, credible, and substantial evidence in the record. Allstars Auto. Grp., Inc., 234 N.J. at 157.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division